IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AUTOZONE, INC.,**
**Employer Below, Petitioner**

**FILED**
**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-284**          (JCN: 2024006671)

**JORDAN BAKER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner AutoZone, Inc. ("AutoZone") appeals the June 11, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Jordan Baker did not file a response.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 4, 2023, Mr. Baker injured his right wrist when he picked up a heavy box and heard a pop. Mr. Baker was seen at MedExpress, and he complained of arthralgias/joint pain. The assessment was right wrist pain and right wrist sprain. Mr. Baker was given restrictions of no pulling/pushing, fine manipulation, overhead reaching, lifting or carrying more than fifty pounds with the right hand, and no operating heavy machinery. A right wrist splint was applied.

Mr. Baker submitted an Employees' and Physicians' Report of Occupational Injury or Disease form dated October 4, 2023, indicating that he injured his wrist from lifting at work. The physician's portion of the form was signed by personnel at MedExpress and indicated that Mr. Baker aggravated a prior condition of a right wrist fracture from 3 years prior. The form also indicated that Mr. Baker was capable of modified duty.

On October 11, 2023, Mr. Baker returned to MedExpress and reported that his wrist was not improving at all. Mr. Baker stated that his employer had been asking him to drive and it had aggravated his injury. MedExpress personnel completed a Workers'

---

[1] AutoZone is represented by Aimee M. Stern, Esq. Mr. Baker did not appear.

Compensation Duty Form, dated October 11, 2023, indicating that Mr. Baker's restrictions remained the same with the exception of a limitation on operating heavy machinery through October 25, 2023.

Mr. Baker was seen at United Hospital Center Orthopedic & Spine Center on October 24, 2023, by William Nelson, PA-C. Mr. Baker described his pain as an eight out of ten, and stated the pain was sharp, burning, dull, throbbing, cramping, and aching. He reported that his pain increased with movement and use. The assessment was right wrist pain, forearm strain, right wrist injury, and numbness of the right hand. Conservative treatment was discussed including bracing, anti-inflammatories, activity modifications, corticosteroid injections, and rest versus surgical intervention. X-rays taken that day of Mr. Baker's right wrist and forearm were negative for fractures.

AutoZone introduced an unsigned, typed letter dated October 30, 2023, which was addressed to Mr. Baker. The letter indicated that Mr. Baker was released to return to work and that Mr. Baker was invited to return to work as a Commercial Specialist. The letter stated that Mr. Baker would not be asked or permitted to perform any task that exceeds his restrictions with his right hand. The letter further stated that the work was available starting on October 31, 2023, but he would be scheduled for the week starting on November 2, 2023. PA Nelson authored a work excuse dated November 2, 2023, which indicated that, due to medical reasons, stiffness, and decreased strength in the wrist, Mr. Baker may remain out of work until re-evaluation after testing.

On November 2, 2023, Mr. Baker returned to MedExpress and reported that he was still having numbness and was waiting for an MRI and nerve study. Mr. Baker reported that he was made to work against his restrictions, which caused pain and swelling. The assessment was right wrist sprain. Mr. Baker's restrictions were continued.

AutoZone introduced a second typed letter dated November 6, 2023, which was addressed to Mr. Baker. The letter did not include a written signature. The letter indicated that Mr. Baker was released to return to work and that Mr. Baker was invited to return to work as a Commercial Specialist. The letter stated that Mr. Baker would not be asked or permitted to perform any task that exceeds his restrictions with his right hand. The letter further stated that the work was available starting on November 6, 2023, but he would be scheduled for the week starting on November 8, 2023.

On November 15, 2023, the claim administrator issued an order suspending TTD benefits. The order indicated that the employer advised that Mr. Baker returned to work on November 2, 2023. The order stated that the TTD benefits would be closed in 30 days unless additional evidence was received that substantiated the continuation of these benefits.

PA Nelson issued a letter dated December 5, 2023, stating that Mr. Baker may remain out of work to begin working with physical therapy for four weeks and then two weeks of work conditioning training with physical therapy. The letter stated that the reason was stiffness and decreased strength in the wrist. PA Nelson also completed referrals for external physical therapy and work conditioning for Mr. Baker, related to his diagnoses of right wrist pain, forearm strain, and injury of right wrist.

On June 11, 2024, the Board reversed the claim administrator's order denying TTD benefits. The Board found that medical evidence established that Mr. Baker was temporarily and totally disabled due to the compensable injury from October 4, 2023, through at least December 5, 2023. AutoZone now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, AutoZone argues that PA Nelson's removal of Mr. Baker from work "due to medical reasons" was a vague and insufficient basis for granting temporary total disability benefits to Mr. Baker. AutoZone further argues that medical records indicate that Mr. Baker was able to work on modified duty, and he was offered work within those restrictions. We disagree.

Here, the Board determined that medical evidence established that Mr. Baker was temporarily and totally disabled due to the compensable injury from October 4, 2023, through at least December 5, 2023. The Board noted that the record establishes the following: there is no evidence establishing a finding of maximum medical improvement

from the compensable injury; Mr. Baker had work restrictions from October 4, 2023, through November 2, 2023, and then was removed from work from November 2, 2023, by PA Nelson; there is no evidence that either Mr. Baker's medical condition or his work restrictions changed between November 2, 2023, and PA Nelson's December 5, 2023, letter such that he would have been ineligible for TTD benefits during that period of time; the evidence is unclear whether Mr. Baker returned to work following the October 4, 2023, injury; and the record does not contain any letter offering a return to work prior to November 2, 2023. Thus, the Board ordered that "Mr. Baker is granted TTD benefits from October 4, 2023, through December 5, 2023, and thereafter as substantiated by proper medical evidence other than any period of time following the October 4, 2023, injury that Mr. Baker returned to work within his restrictions."

Upon review, we conclude that the Board was not clearly wrong in determining that the medical evidence establishes that Mr. Baker was temporarily and totally disabled due to the compensable injury from October 4, 2023, through at least December 5, 2023. The only medical evidence regarding temporary total disability benefits was submitted by Mr. Baker, and the evidence is consistent with the Board's decision. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard in mind, we cannot conclude that the Board was clearly wrong in granting Mr. Baker TTD benefits from October 4, 2023, through December 5, 2023, and thereafter as substantiated by proper medical evidence.

Accordingly, we affirm the Board's June 11, 2024, order.

Affirmed.

**ISSUED:** January 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4